**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NORFOLK SOUTHERN CORPORATION, ALAN H. SHAW, JAMES A. SQUIRES, and MARK R. GEORGE, <br><br> Defendants. | Case No. 2:23-cv-00982-MHW-KAJ |

## DEFENDANTS' MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Defendants Norfolk Southern Corporation ("Norfolk Southern" or the "Company"), Alan H. Shaw, James A. Squires, and Mark R. George (the "Individual Defendants" and collectively with the Company, "Defendants") respectfully move for an order transferring this putative securities class action (the "Action") to the U.S. District Court for the Northern District of Georgia, the location of Norfolk Southern's corporate headquarters.

This case, filed by Plaintiff Bucks County Employees Retirement System ("Plaintiff"), has no meaningful connection to this District. The Action challenges the Company's public statements to investors that were prepared at and issued from its headquarters. Yet the only cited ties between the Action and this District are events or conduct not relevant to Plaintiff's securities claims.

The Action should instead proceed in the Northern District of Georgia. The convenience of the parties and witnesses favor the Northern District of Georgia, where the relevant witnesses and most Defendants reside or work. In addition, the interests of justice favor transfer to the Northern District of Georgia. That district is presumed to have the greatest local interest in the

1

controversy as it concerns the public statements of an Atlanta-based company and certain of its directors and officers. Further, docket conditions favor transfer, and suggest the Action would proceed more expeditiously in the Northern District of Georgia than this District.

Finally, Plaintiff's initial choice of forum should not be accorded much weight as Plaintiff has no connection to this District (*see Schoenfeld v. Mercedes-Benz USA, LLC*, 2021 WL 3579016, at \*2 (S.D. Ohio Aug. 13, 2021)), none of the challenged conduct occurred in this District (s*ee Shively v. Papa John's Int'l, Inc.*, 2008 WL 2943342, at \*3 (S.D. Ohio July 30, 2008) (Watson, J.) (citing *Mead Corp. v. Oscar J. Boldt Constr. Co.*, 508 F. Supp. 193, 198 (S.D. Ohio 1981)) ("[w]hen the cause of action has little connection with the chosen forum, the plaintiff's choice of forum is to be given less weight")), and it purports to bring this Action as a representative of a larger nationwide class (*see Blake v. Fam. Dollar Stores, Inc.*, 2007 WL 1795936, at \*2 (S.D. Ohio June 19, 2007) (transferring putative class action to district where defendant company headquartered)).

For these reasons, and as more fully set forth in the accompanying Memorandum in Support, this Action should be transferred to the U.S. District Court for the Northern District of Georgia.

Respectfully submitted,

*/s/ R. Leland Evans*
R. Leland Evans, Trial Attorney (0006833)
Scott A. Fenton (0068097)
DICKIE, MCCAMEY & CHILCOTE, P.C.
10 West Broad Street
Suite 1950
Columbus, OH 43215
Tel.: (614) 258-6000
Fax: (888) 811-7144

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno (Admitted Pro Hac Vice)
Tamar Kaplan-Marans (Admitted Pro Hac Vice)
WILMER CUTLER PICKERING HALE AND
 DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Defendants Norfolk Southern Corporation,*
*Alan H. Shaw, James A. Squires and Mark R. George*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>NORFOLK SOUTHERN CORPORATION, ALAN H. SHAW, JAMES A. SQUIRES, and MARK R. GEORGE,<br><br>                              Defendants. | Case No. 2:23-cv-00982-MHW-KAJ |

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u>
## <u>DEFENDANTS' MOTION TO TRANSFER VENUE</u>

Pursuant to 28 U.S.C. § 1404(a), Defendants Norfolk Southern Corporation ("Norfolk Southern" or the "Company"), Alan H. Shaw, James A. Squires, and Mark R. George (the "Individual Defendants" and collectively with the Company, "Defendants") respectfully request that the Court transfer this putative securities class action (the "Action") to the U.S. District Court for the Northern District of Georgia, the location of Norfolk Southern's corporate headquarters.

This case, filed by Plaintiff Bucks County Employees Retirement System ("Plaintiff"), has no meaningful connection to this District whatsoever. No party is located in this District. Furthermore, while Plaintiff filed this Action after the derailment of a Norfolk Southern subsidiary-operated train in East Palestine, Ohio on February 3, 2023 (the "East Palestine Derailment"), the relevant conduct—the allegedly false and misleading statements at issue—occurred nowhere in Ohio.  And of course, the East Palestine Derailment occurred outside of this

4

District.[1]  Indeed, this Court has already determined that "[t]he Southern District of Ohio is not the proper venue" for related cases.  *See* Order, *Turner v. Shaw*, Case No. 2:23-cv-1305 (N.D. Ohio Apr. 24, 2023) ECF No. 2 (ordering transfer *sua sponte* of East Palestine Derailment-related tort action for improper venue, as the events giving rise to plaintiff's claims in that case occurred in the Northern District of Ohio, "not in any county located in the Southern District of Ohio").[2]

Instead, in support of its arbitrary choice of venue, Plaintiff makes vague references to another derailment that occurred in this District (*i.e.*, a train derailment in Springfield, Ohio) but not in the Eastern Division, as well as generic references to the Company's prior lobbying efforts. But neither that derailment nor the unspecified lobbying activities bears any connection whatsoever to the allegations in this securities litigation—*i.e.*, that Defendants made materially false and/or misleading statements to investors regarding the safety of the Company's operations, resulting in losses for shareholders of the Company's stock.

The Action instead belongs in the Northern District of Georgia.  Notably, the majority of statements at issue emanated from there—specifically, from the Company's corporate headquarters in Atlanta, home to the Company since its relocation from Virginia in November 2021.  The witnesses and documents relevant to this putative securities fraud class action are in

---

[1] Plaintiff may be under the misimpression that the East Palestine Derailment occurred in this District.  Specifically, on March 24, 2023, Plaintiff published a press release announcing its commencement of this lawsuit, which stated erroneously that the Action was filed "in the same district" where the East Palestine Derailment occurred.  *See Retirement Board Votes to Join Class Action Against Norfolk Southern*, BUCKS COUNTY (Mar. 24, 2023), https://www.buckscounty.gov/CivicAlerts.aspx?AID=662.  To be sure, East Palestine, Ohio is located in Columbiana County, which is outside this District and instead served by the U.S. District Court for the Northern District of Ohio.

[2] In contrast to *Turner*, which is a personal injury action brought by a resident of the Northern District of Ohio seeking redress for injuries that resulted from the East Palestine Derailment, this Action is a fraud claim brought by a non-resident plaintiff based on the Company's public statements before the derailment.

the Northern District of Georgia. All but one of the Individual Defendants reside and work there as well. No key witness or party resides in Ohio. Accordingly, the Northern District of Georgia is a more convenient forum for the parties and witnesses.

In addition, the interests of justice favor transfer to the Northern District of Georgia. That district is presumed to have the greatest local interest in the controversy as it concerns the public statements of an Atlanta-based company and certain of its directors and officers. Further, the Action is expected to proceed more expeditiously in that court, as this District has a nearly four-times greater case load.

Finally, Plaintiff's choice of forum is entitled to minimal deference as Plaintiff, a Pennsylvania entity, has no connection to this District. Plaintiff's choice of forum is also given less weight as the Action is a putative class action, and prospective class members reside across the United States and elsewhere.

For these reasons, Defendants seek transfer of this case to the Northern District of Georgia.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Norfolk Southern is an Atlanta, Georgia-based company incorporated on July 23, 1980, under the laws of the Commonwealth of Virginia. Declaration of Denise Hutson (herein "Hutson Decl.") ¶ 3; ECF No. 1 (herein "Compl.") ¶ 15. The Company principally transports raw materials, intermediate products, and finished goods in the Southeast, East, and Midwest and, via interchange with rail carriers, across the United States. Compl. ¶ 15. It also owns a major freight railroad, Norfolk Southern Railway Company ("NSR"), and serves every major port on the East Coast between New York City and Jacksonville, Florida. *Id.* Norfolk Southern was based previously in Norfolk, Virginia before relocating its corporate headquarters to Atlanta, Georgia in November

2021. Hutson Decl. ¶ 3. Today, approximately 2,700 employees work at the Atlanta corporate headquarters. *Id.* ¶ 4.

In addition to the corporate headquarters, Norfolk Southern has other corporate operations in Atlanta. Hutson Decl. ¶ 5. In contrast, there are no major Company offices located in this District or, for that matter, anywhere in Ohio, and no Company employee who has any meaningful connection to the facts or allegations in the Action is located in Ohio. *Id*. ¶¶ 3, 12.

The Company's management and executives primarily operate in Atlanta. Hutson Decl. ¶ 4. Norfolk Southern prepares and issues its annual and quarterly SEC filings at its headquarters in Atlanta. *Id*. ¶ 9. Moreover, any documents related to or regarding Norfolk Southern's representations to the investing public at issue in this Action are stored at the Company's headquarters in Atlanta. *Id*. ¶ 10.

The Individual Defendants are current and former Norfolk Southern executives and directors. Mr. Shaw is Chief Executive Officer and President of Norfolk Southern. Compl. ¶ 8. Mr. George has served as Executive Vice President and Chief Financial Officer of Norfolk Southern since November 2019. *Id.* ¶ 11. Messrs. Shaw and George reside in Georgia and work at Norfolk Southern's corporate headquarters in Atlanta. Hutson Decl. ¶¶ 6-8. Mr. Squires was Chief Executive Officer and Chairman of the Board of Directors until May 2022 and served as a member of the Board of Directors until May 11, 2023. *Id.* ¶ 7. During Mr. Squires' tenure as Chief Executive Officer (including during the Class Period, as defined below), he resided in Atlanta, and continued to conduct business there in his directorship. *Id.*

On March 16, 2023, Plaintiff filed this securities class action against the Defendants in the Southern District of Ohio on behalf of itself individually and all purchasers of Norfolk Southern common stock between October 28, 2020 and March 3, 2023 (the "Class Period"). Compl. ¶ 1.

Plaintiff asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. *Id.* Plaintiff alleges that Defendants knowingly made materially false and misleading statements during the Class Period regarding the safety of the Company's operations, resulting in losses for shareholders of the Company's stock. *Id.* ¶¶ 4, 12-14, 39-83. But Plaintiff does not (and could not) allege that the challenged statements at the heart of this Action were made from Ohio or that any discussions or other conduct relating to issuing these statements occurred in Ohio. Rather, Plaintiff stretches in search of a reason to support its decision to file in this Court, alleging that the purportedly false or misleading statements were received in the District (which would likely be true of every jurisdiction in the country), that an NSR-operated train derailment other than the East Palestine Derailment occurred in this District, and that Norfolk Southern has, among its overall lobbying efforts nationwide, also engaged in lobbying in this District. *Id.* ¶ 4.

The Court has not yet had occasion to issue any rulings in this Action other than granting two motions for Leave to Appear Pro Hac Vice (*see* ECF No. 17), the Joint Motion to Continue Preliminary Pretrial Conference (*see* ECF No. 20), and the Joint Motion for Extension of Time to Answer (*see* ECF No. 22). The deadline for filing motions for appointment of lead plaintiff and lead counsel is May 16, 2023 under the Private Securities Litigation Reform Act (the "PSLRA"). 15 U.S.C. §§ 78u–4(a)(3)(A)(i), (B)(v).

## **ARGUMENT**

Under 28 U.S.C. § 1404(a), a court may transfer a civil action "[f]or the convenience of parties and witnesses" and "in the interest of justice" to any district court "where it might have been brought." The "threshold issue" for a Section 1404(a) transfer is "whether the action could be brought in the transferee court." *Brand v. Reliant Bank*, 2017 WL 6021864, at *2 (S.D. Ohio

Dec. 5, 2017).  If that is satisfied, "the issue becomes whether transfer is justified" for the convenience of parties and witnesses and in the interest of justice based on "a number of factors," described in detail below.  *Id.* (quoting *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007)) (internal quotation marks omitted).  Both inquiries strongly support transfer here.

Neither Plaintiff nor this Action has any meaningful connection to the Southern District of Ohio.  Instead, this Action should have been brought in the Northern District of Georgia where, among other things, the challenged corporate statements were principally drafted and disseminated, and most Defendants work or reside.

Because all relevant considerations weigh in favor of transfer, this Court should transfer the Action to the Northern District of Georgia, home to Norfolk Southern's headquarters, as courts routinely do in securities class actions.  *See, e.g.*, *Wasson v. LogMeIn, Inc.*, 2018 WL 6016283, at *4 (C.D. Cal. Nov. 2, 2018) (granting transfer of securities class action to district of defendant company's headquarters); *Doshi v. Gen. Cable Corp.*, 2014 WL 12774226, at *3 (S.D.N.Y. Feb. 5, 2014) (same).

## I.   THE ACTION COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF GEORGIA

As an initial matter, transfer to the Northern District of Georgia is proper because it is a "district or division where [the action] might have been brought."  28 U.S.C. § 1404(a).  A transferee district satisfies that standard where it is a "proper" venue and "would have personal jurisdiction [over] the defendants."  *Zimmer Enterprises, Inc. v. Atlandia Imports, Inc.*, 478 F.

9

Supp. 2d 983, 990 (S.D. Ohio 2007).[3]   Here, the Northern District of Georgia meets both requirements.

*First*, the Northern District of Georgia is an appropriate venue as "a substantial part of the events or omissions giving rise to the claim occurred" in that district.  28 U.S.C. § 1391(b)(2); *see also* 15 U.S.C. § 78aa(a) (specific venue provision for Exchange Act claims, providing for venue in "the district wherein any act or transaction constituting the violation occurred").  It is well-established that in a securities fraud class action, the alleged misrepresentation or omission occurs "in the district where [it is] transmitted or withheld, not where [it is] received."  *In re Yahoo! Inc.*, 2008 WL 707405, at *8 (C.D. Cal. Mar. 10, 2008) (quoting *In re Nematron Corp. Secs. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998)); *see also In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006).  Because the challenged statements were principally drafted and issued from Atlanta (Hutson Decl. ¶ 9), venue is proper in the Northern District of Georgia.

Venue is also proper in the Northern District of Georgia as the Company is headquartered in Atlanta, Messrs. George and Shaw reside and work there, and Mr. Squires conducted business there until May 11, 2023.  Hutson Decl. ¶¶ 3, 6-8; *see* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"); 15 U.S.C. § 78aa(a) ("Any suit or action to enforce any liability or duty created by [the Exchange Act] or rules and regulations thereunder, . . . may be brought in . . . the district wherein the defendant is found or is an inhabitant or transacts business[.]").

---

[3] The transferee court must also have subject matter over the jurisdiction.  *See, e.g.*, *Brand*, 2017 WL 6021864, at *2.  Because the Action consists of federal claims brought under the Exchange Act, any district court has subject matter jurisdiction over the Action, including the Northern District of Georgia.  *See* 28 U.S.C.A. § 1331.

*Second*, the Northern District of Georgia has personal jurisdiction over the Defendants. The court has personal jurisdiction over Norfolk Southern because its headquarters is located there. *See Blake v. Fam. Dollar Stores, Inc.*, 2007 WL 1795936, at *2 (S.D. Ohio June 19, 2007) (holding defendant corporation was subject to personal jurisdiction in district where it maintained its headquarters).  Messrs. George and Shaw are also Georgia residents.  *See Chulsky v. Golden Corral Corp.*, 583 F. Supp. 3d 1059, 1071 (S.D. Ohio 2022) ("as to individuals, general jurisdiction exists [] in the state in which the party resides").  Mr. Squires, who is not a resident of Georgia, is subject to the Northern District of Georgia's exercise of personal jurisdiction because the Exchange Act "'confers personal jurisdiction in any federal district court over any defendant with minimum contacts to the United States.'"  *Zobel v. Contech Enterprises*, 170 F. Supp. 3d 1041, 1045 (S.D. Ohio 2016) (quoting *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993)); *see also* 15 U.S.C. § 78aa.  Mr. Squires is a United States resident, and therefore has minimum contacts with the United States, which is sufficient for the Northern District of Georgia to exercise personal jurisdiction over him.  *Zobel*, 170 F. Supp. 3d at 1045 (finding personal jurisdiction over out-of-state resident proper under the Exchange Act).

## II.   THE CONVENIENCE OF THE LITIGATION AND THE INTERESTS OF JUSTICE FAVOR TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA

Under the second prong of the Section 1404(a) analysis, whether an action is appropriate for transfer is subject to a weighing of factors regarding "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of interests of justice." *Brand*, 2017 WL 6021864, at *2 (citation and internal quotation marks omitted).  Other factors relating to the parties' private interests that are relevant here include "'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the

cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *DeFrank v. Samsung Elecs. Am., Inc.*, 2019 WL 6828357, at \*3 (S.D. Ohio Dec. 13, 2019) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).  Public-interest factors may include "the administrative difficulties flowing from court congestion [and] the local interest in having localized controversies decided at home[.]" *Id.* (internal quotation marks omitted).  For the reasons discussed below, all of these factors weigh strongly in favor of transfer to the Northern District of Georgia.

### a.  *The Northern District of Georgia is the Most Convenient Forum for Defendants*

As an initial matter, the Northern District of Georgia is the most convenient forum for Defendants for the reasons described above, including that it is where the Company's corporate headquarters is located.  *See supra* pp. 6-7.  These bases warrant transfer to the district where a defendant company's headquarters is located even where, as here, the action was filed on the heels of a significant incident or event that took place in another district.  *See In re Anadarko Petroleum Corp.*, 2012 WL 12894796, at \*9-10 (S.D.N.Y. Mar. 19, 2012) (granting transfer of securities class action filed in response to Deepwater Horizon oil spill to district of defendant company's headquarters, where relevant witnesses resided, and where challenged statements were made).

Plaintiff, on the other hand, is based in eastern Pennsylvania, and has no apparent connection to or presence in Ohio.[4]  Litigating in either district could require Plaintiff to travel, and it is otherwise not apparent that travel to Ohio would be materially more convenient. Moreover, that Plaintiff brings this action on behalf of a putative class of nationwide shareholders of Norfolk Southern stock further undermines any claim that it would be any less convenient to

---

[4] According to publicly available information, Plaintiff is based in Bucks County, Pennsylvania. *See* Retirement Board, BUCKS COUNTY, https://www.buckscounty.gov/1728/Retirement-Board.

litigate in the Northern District of Georgia than in this District.  *See Traylor v. Avnet, Inc.*, 2008 WL 11452319, at *2 (S.D. Ohio Apr. 29, 2008), *amended by* 2008 WL 11452318 (S.D. Ohio May 1, 2008) (granting transfer and noting that while "[i]t [would] certainly be more convenient for the representative plaintiff to appear" in its chosen district, the transferee district was "plainly more convenient for far more class members").

Therefore, the convenience to Defendants of litigating in the Northern District of Georgia outweighs any convenience that Plaintiff might claim to enjoy in the Southern District of Ohio, and this factor therefore weighs in favor of transfer.  *See DeFrank*, 2019 WL 6828357, at *3 (granting transfer where "transfer would be neither more nor less convenient" for representative plaintiffs that resided outside of both transferee and transferor districts); *Cummings v. Chesapeake Energy Corp.*, 2016 WL 9527989, at *3 (S.D.N.Y. June 7, 2016) (quoting *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d at 405) (granting transfer where representative plaintiffs "[had] not demonstrated that litigating in [transferee district] would 'impose an undue hardship on the plaintiff *class*'") (emphasis added).

### b.  *The Northern District of Georgia is the More Convenient Forum for Potential Witnesses*

"The convenience of witnesses is 'the most important factor' to be considered in ruling on a motion to transfer under 28 U.S.C. § 1404(a)."  *Schoenfeld v. Mercedes-Benz USA, LLC*, 2021 WL 3579016, at *3 (S.D. Ohio Aug. 13, 2021) (quoting *Kay*, 494 F. Supp. 2d at 852); *see also Klopfenstein v. Fifth Third Bank*, 2012 WL 5378727, at *3 (N.D. Ohio Oct. 31, 2012) (same).  This factor also favors the Northern District of Georgia.

The Action challenges corporate statements made during the Class Period.  Compl. ¶ 1. Importantly, these disclosures were prepared and issued from Norfolk Southern's headquarters.

Hutson Decl. ¶ 10.[5]  For this reason, in addition to the Individual Defendants, Plaintiff "will undoubtedly need to depose [other] corporate employees, if not [other] officers, situated at corporate headquarters" who were involved in or have knowledge of the drafting, approval, and dissemination of the challenged statements.  *Klopfenstein*, 2012 WL 5378727, at *4 (granting transfer to district of defendant company's headquarters where witnesses responsible for compliance with federal and state regulations were located).  Many, if not all, of these potential witnesses are based in Atlanta.  Hutson Decl. ¶ 11.

Indeed, no current or former executives, directors, or employees who were involved in or have knowledge relevant to the challenged statements reside anywhere in Ohio.  Nor are Defendants aware of any key potential witnesses or evidence located in Ohio.  *See Phelps v. United States*, 2008 WL 5705574, at *2 (N.D. Ohio Feb. 19, 2008) (quoting *Newco Holdings, LLC v. Letco Med.*, *Inc.*, 2005 WL 2739230, at *4 (E.D. Mich. Oct. 24, 2005)) ("'In weighing the convenience of witnesses, residence of the *key* witnesses is more important than the raw number of witnesses living in a particular jurisdiction.'") (emphasis added).  Therefore, allowing the Action to proceed in the Northern District of Georgia would convenience the key potential witnesses.  *See Jewell v. Aaron's, Inc.*, 2012 WL 589488, at *3 (N.D. Ohio Feb. 22, 2012) (granting transfer of class action where "[a]side from [p]laintiff, nearly all of the parties and witnesses involved in this action reside in and around the [transferee district]"); *cf. Kuvedina, LLC v.*

---

[5] That Norfolk Southern relocated its headquarters during the Class Period is of little relevance to this analysis.  Much of the challenged conduct occurred after Norfolk Southern relocated its headquarters to Atlanta and, regardless, that is where most of the relevant witnesses are located at present.  *See*, *e.g.*, *Farrior v. George Weston Bakeries Distribution, Inc.*, 2009 WL 113774, at *6 n. 4 (E.D.N.Y. Jan. 15, 2009) ("The fact that the headquarters was in New York in the past . . . does not mean that, where defendants have moved their headquarters and the other relevant factors favor transfer, this link to this District should preclude transfer."); *U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co*, 2011 WL 127852, at *7 (N.D. Ohio Jan. 14, 2011) (transfer to forum of nominal defendant's new headquarters more appropriate than district of its pre-acquisition headquarters).

*Cognizant Tech. Sols.*, 946 F. Supp. 2d 749, 762 (S.D. Ohio 2013) (Watson, J.) (denying motion to transfer venue where challenged conduct occurred, and witnesses resided, in Ohio).

### c.  *The Interests of Justice Favor Transfer to the Northern District of Georgia*

The interests of justice also favor transfer.  Relevant considerations include, *inter alia*, "administrative difficulties flowing from court congestion [and] the local interest in having localized controversies decided at home[.]"  *Total Quality Logistics, LLC v. All. Shippers, Inc.*, 2020 WL 5760704, at *3 (S.D. Ohio Sept. 28, 2020) (citation and internal quotation marks omitted).

*First*, docket conditions support transfer.  "The interest of justice has often been an analysis of which of the compared courts are busiest."  *Zimmer Enterprises*, 478 F. Supp. 2d at 992.  Based on publicly available information, almost four times as many cases are pending in the Southern District of Ohio as are in the Northern District of Georgia.[6]  Consequently, each judge in this District oversees nearly 3,000 pending actions (as compared to roughly 600 in the Northern District of Georgia), and the median expected time to disposition in civil cases is over 12 months in this District, compared to approximately 11 months in the Northern District of Georgia.[7]  This weighs in favor of transfer.  *See Schoenfeld*, 2021 WL 3579016, at *4 (citing judicial caseload statistics and granting transfer to less congested district); *Total Quality Logistics*, 2020 WL 5760704, at *3 (same).

*Second*, the Northern District of Georgia has a strong interest in managing the litigation, as it concerns conduct of an Atlanta-based company and certain of its officers and directors that

---

[6] Chart of U.S. District Courts National Judicial Caseload Profile, U.S. COURTS (Dec. 31, 2022) https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2022.pdf.

[7] *Id.*

15

occurred, starting in November 2021, in Atlanta.  By contrast, this District has no specific connection to the statements at issue (or the East Palestine Derailment).  The Northern District of Georgia's interest in the Action therefore further weighs in favor of transfer to that forum.  *See Perrywatson v. United Airlines, Inc.*, 2010 WL 359696, at \*3 (N.D. Ohio Jan. 29, 2010) ("The controversy in this case deals with events that occurred in the Northern District of Illinois and both [d]efendants have a significant presence in the Northern District of Illinois.  Accordingly, the Northern District of Illinois has a strong interest in the resolution of this controversy."); *see also Mooney v. Genzyme Corp.*, 2020 WL 3839904, at \*2 (S.D. Ohio July 8, 2020); *cf. Ohio State Univ. v. Teespring, Inc.*, 2015 WL 13016358, at \*5 (S.D. Ohio Apr. 13, 2015) (Watson, J.) (denying transfer where plaintiff was largest public university in Ohio, majority of infringing products were sold to its fans in district, and state had significant interest in protecting university's intellectual property rights).

### d.  *Plaintiff's Choice of Forum is Entitled to Minimal Deference*

Finally, Plaintiff's choice of forum is entitled to minimal deference as Plaintiff has no connection to this District.  *See Schoenfeld*, 2021 WL 3579016, at \*2 ("[w]hen the plaintiff chooses a forum that is not his residence, his choice is given less weight, particularly where the operative facts took place elsewhere."); *Cescato v. Anthem, Inc.*, 2005 WL 3487974, at \*2 (N.D. Ohio Dec. 21, 2005) (citing *Travelers Casualty & Surety Co. v. Philadelphia Reinsurance Corp.*, 2001 WL 631328, at \*4 (N.D. Ohio May 10, 2001) ("when the chosen forum is not the plaintiff's residence, the choice is given less consideration").

Moreover, because this is a putative class action, and prospective class members reside across the United States and elsewhere, Plaintiff's choice of forum is accorded less weight.  *See, e.g.*, *Blake*, 2007 WL 1795936, at \*2 (quoting *Koster v. American Lumermen's Mut. Cas. Co.*, 330

16

U.S. 518, 524 (1947)) ("the deference afforded plaintiffs' chosen forum is 'considerably weakened' where the case has been brought as a class or collective action"); *Sabol v. Ford Motor Co.*, 2014 WL 6603358, at \*5 (S.D. Ohio Nov. 19, 2014) (same). Further, because a lead plaintiff has not been appointed yet, *see* 15 U.S.C. § 78u–4(a)(3)(A)(i), there is no reason to accord deference to the original plaintiff's choice of venue. *See Wayne Cnty. Emps.' Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 976 (E.D. Mich. 2009) ("The fact that this is a class action weakens the plaintiff's claim for deference to its choice of venue further because the class members are not limited to residents of Michigan, and it is not yet clear who the lead plaintiff in the action would be—a resident of Michigan or a resident of another state.").

Plaintiff's choice of forum is also given less weight where, as here, none of the challenged conduct occurred within the district. *See Shively v. Papa John's Int'l, Inc.*, 2008 WL 2943342, at \*3 (S.D. Ohio July 30, 2008) (Watson, J.) (citing *Mead Corp. v. Oscar J. Boldt Constr. Co.*, 508 F. Supp. 193, 198 (S.D. Ohio 1981)) ("When the cause of action has little connection with the chosen forum, the plaintiff's choice of forum is to be given less weight than such choice would be given otherwise."); *Am. Signature Inc. v. Moody's Invs. Servs., Inc.*, 2010 WL 2667367, at \*2-3 (S.D. Ohio July 2, 2010).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that, pursuant to 28 U.S.C. § 1404(a), the Court enter an Order transferring this Action to the U.S. District Court for the Northern District of Georgia.

Dated: May 12, 2023          Respectfully submitted,

*/s/ R. Leland Evans*
R. Leland Evans, Trial Attorney (0006833)
Scott A. Fenton (0068097)
DICKIE, MCCAMEY & CHILCOTE, P.C.
10 West Broad Street
Suite 1950
Columbus, OH 43215
Tel.: (614) 258-6000
Fax: (888) 811-7144

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno (Admitted Pro Hac Vice)
Tamar Kaplan-Marans (Admitted Pro Hac Vice)
WILMER CUTLER PICKERING HALE AND
 DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Defendants Norfolk Southern Corporation, Alan H. Shaw, James A. Squires and Mark R. George*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2023, I filed the foregoing **Motion to Transfer Venue**

and **Memorandum of Law in Support of Defendants' Motion to Transfer Venue** with the Clerk

using the CM/ECF System, which will send notification of such filing to all counsel of record.


DICKIE, MCCAMEY & CHILCOTE, P.C.

By: */s/ R. Leland Evans*
      R. Leland Evans, Esquire

*Attorneys for Norfolk Southern Corporation, Alan H. Shaw, James A. Squires and Mark R. George*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN CORPORATION, ALAN H. SHAW, JAMES A. SQUIRES, and MARK R. GEORGE,<br><br>Defendants. | Case No. 2:23-cv-00982-MHW-KAJ |

**DECLARATION OF DENISE HUTSON IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER VENUE**

I, Denise Hutson, declare as follows:

1.     I am the Corporate Secretary of Norfolk Southern Corporation ("Norfolk Southern" or the "Company"). I have been employed by Norfolk Southern since 1994.

2.     I am over the age of eighteen years, and I am competent to testify about the matters set forth in this declaration based upon personal knowledge, my experience working at Norfolk Southern, and review of information and records kept by Norfolk Southern in the regular course of business. If called as a witness, I could and would testify as stated herein.

3.     Norfolk Southern is a Virginia corporation, with its headquarters located in Atlanta, Georgia. From 1982 until November 2021, the Company's headquarters were located in Norfolk, Virginia. In November 2021, the Company's headquarters relocated to Atlanta. Norfolk Southern has no corporate offices in Ohio.

4.     The Company's management and executives primarily operate in Atlanta. As of the date of this declaration, approximately 2,700 employees are based in the Company's Atlanta headquarters. The Company's Atlanta headquarters is its largest office.

5.     In addition to its headquarters, Norfolk Southern maintains other operations in Atlanta, Georgia. These include Norfolk Southern's Operations and Service Support Center, Crew Management Center, and its Northern and Southern Region's operations offices. The Company employs additional individuals across these Atlanta-based offices.

1

6.    Defendant Alan H. Shaw is the Chief Executive Officer ("CEO") and President of Norfolk Southern.  Mr. Shaw was appointed President in December 2021 and CEO in May 2022.  Prior to serving as President, Mr. Shaw served as Norfolk Southern's Chief Marketing Officer ("CMO").  Mr. Shaw resides in Georgia and works out of Norfolk Southern's Atlanta headquarters.

7.    Defendant James A. Squires served as a member of the Norfolk Southern Board of Directors until May 11, 2023.  Mr. Squires resides in New Hampshire, and regularly conducted business in the Company's Atlanta headquarters until his retirement.  From June 2015 to May 2022, Mr. Squires served as CEO of Norfolk Southern and Chairman of the Board of Directors.  During Mr. Squires' tenure as CEO and Chairman, he resided and worked in Virginia until August 2019; from August 2019 until his retirement from those roles, Mr. Squires resided and worked in Georgia.

8.    Defendant Mark R. George is Chief Financial Officer ("CFO") of Norfolk Southern, and has served in that role since November 2019.  Mr. George's primary residence is located in Florida, and he also maintains a residence in Georgia.  In addition, Mr. George works out of Norfolk Southern's Atlanta headquarters.

9.    Norfolk Southern's public filings with the U.S. Securities and Exchange Commission ("SEC") containing the statements challenged in this litigation were prepared and issued from Norfolk Southern's headquarters in Atlanta, Georgia and formerly in Norfolk, Virginia.  The people primarily involved in the preparation or issuance of those public filings reside or work in Georgia.

10.    To the best of my knowledge and belief, all documents regarding Norfolk Southern's representations to the investing public potentially at issue in this Action are ordinarily generated and stored at Norfolk Southern's headquarters in Atlanta, Georgia and formerly in Norfolk, Virginia.  No such documents are located in Ohio.

11.    To the best of my knowledge and belief, in addition to myself and the individuals named as defendants in this action, the primary individuals who most likely will have knowledge concerning the subject matter of this action work or reside in Georgia.

12.    To the best of my knowledge and belief, none of the Company's employees located in Ohio has any meaningful connection to the facts or allegations of this litigation concerning the SEC reporting and public statements made by Norfolk Southern and the individual defendants during the putative class period.

13.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 5/12/23

Denise Hutson

2