**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>NORFOLK SOUTHERN CORPORATION, ALAN H. SHAW, JAMES A. SQUIRES, and MARK R. GEORGE,<br><br>    Defendants. | Case No. 2:23-cv-00982-MHW-KAJ |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AS TO WHY VENUE IS PROPER IN THE EASTERN DIVISION

Defendants Norfolk Southern Corporation ("Norfolk Southern"), Alan H. Shaw, James A. Squires and Mark R. George (the "Individual Defendants" and collectively with Norfolk Southern, "Defendants") respectfully submit this response to the response filed by plaintiff Bucks County Employees Retirement System ("Plaintiff") (ECF No. 30) (the "Response") to the Court's May 24, 2023 Show Cause Order (ECF No. 27) (the "Order").

The Order directed Plaintiff to show cause as to why venue is proper in this division, and to explain why its claims should not have been filed in the Western Division of the District, which sits in Dayton, Ohio.  (ECF No. 27).

Whether a case should be filed in the Eastern Division or the Western Division of this District is governed by Local Rule 82.1, which concerns venue of actions within the District. Under Local Rule 82.1, "[a]n action against a defendant or defendants resident in this District shall

be filed at the location of Court that serves a county in which at least one defendant resides." With regard to corporate defendants, the Rule states:

> A corporation that is deemed to reside in this District pursuant to 28 U.S.C. § 1391(c) is further deemed to reside in that county in which its principal place of business within the District is located, or, if none, in that county with which it has the most significant contacts. If such a corporation's county of residence cannot be determined under this Rule, an action against such corporation shall be filed at a location of Court determined in accordance with the following Rules, in order of preference: (1) a county in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject to the action is located; or (2) any location of Court.

L.R. 82.1(d).

Plaintiff's Response to the Order does not even mention the applicable local rule, let alone explain why this securities class action (the "Action") was properly filed in the Eastern Division under its terms. This is not surprising, as no Defendant resides in this District,[1] and Plaintiff could not plausibly argue that a substantial part of the events or omissions giving rise to its claims—which are based on statements a Virginia corporation allegedly made from its principal place of business in Georgia—occurred in this District, or that Norfolk Southern otherwise has the most significant contacts with a particular county in the District.[2] Instead, the only plausible basis that Plaintiff could have for claiming that filing was proper in the Eastern Division is that a substantial part of the events or omissions giving rise to their claims did not occur in *any* county in the District under L.R. 82.1(d)(2).

---

[1] Norfolk Southern is a Virginia corporation with its principal place of business in Atlanta, Georgia. (ECF No. 23 at PageID 105-6). The Individual Defendants also reside outside of the District. *Id.*

[2] Indeed, as this Court pointed out, the only tie between the Action and the Southern District of Ohio is the Complaint's "brief mention" of a train derailment in Springfield, Ohio, which is served by the Western Division in Dayton. (ECF No. 27). While Defendants do not take a position as to whether venue is proper in either division, Defendants disagree that the Springfield, Ohio derailment constitutes a "substantial part of the events or omissions giving rise to the claim" so as to render the Western Division the "preferen[tial]" venue under Local Rule 82.1(d)(1).

2

But rather than concede this, Plaintiff argues that venue is proper under 28 U.S.C. § 1404(a) because of supposed lobbying activities in Columbus, Ohio.  This is irrelevant to question of whether it was appropriate for Plaintiff to file this Action in the Eastern Division for multiple reasons.  First, Section 1404(a) governs "change of venue," and permits a court to *transfer* a case to any district or division "where it might have been brought" or to which "all parties have consented."  It says nothing about whether any action may be brought in a particular division in the first instance.  Second, the Company's purported lobbying activity in the Eastern Division would not constitute good cause to adjudicate Plaintiff's claims in the Eastern Division.  In particular, the alleged misstatements and omissions had nothing to do with the Company's lobbying efforts, which Plaintiff mentioned only in passing in the Complaint.[3]  Furthermore, the Company's lobbying activities in the District were minimal by any measure and, according to Plaintiff's submission, were limited to $98,000 over a *six*-year period (Ex. 5, ECF No. 30-6).

Defendants expect that Plaintiff will raise similar arguments concerning the Company's alleged lobbying efforts in Plaintiff's forthcoming opposition to Defendants' motion to transfer this case to the Northern District of Georgia, and Defendants will address those arguments at the appropriate time.  Plaintiff's opposition to Defendants' Motion to Transfer is due on June 9, 2023, and Defendants' reply in further support of the motion will be due fourteen days after.

---

[3] The Success Group, which serves as Plaintiff's main argument for establishing venue in the Eastern Division, is only mentioned in one paragraph of the Complaint.  (ECF No. 1 ¶ 38).

3

Dated: June 7, 2023      Respectfully submitted,

*/s/ R. Leland Evans*
R. Leland Evans, Trial Attorney (0006833)
Scott A. Fenton (0068097)
DICKIE, MCCAMEY & CHILCOTE, P.C.
10 West Broad Street
Suite 1950
Columbus, OH 43215
Tel.: (614) 258-6000
Fax: (888) 811-7144

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno (Admitted *Pro Hac Vice*)
Tamar Kaplan-Marans (Admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND
 DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Defendants Norfolk Southern Corporation,*
*Alan H. Shaw, James A. Squires and Mark R. George*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2023, I filed the foregoing **Response** with the Clerk using the CM/ECF System, which will send notification of such filing to all counsel of record.

DICKIE, MCCAMEY & CHILCOTE, P.C.

By: */s/ R. Leland Evans*
R. Leland Evans, Esquire

*Attorney for Norfolk Southern Corporation, Alan H. Shaw, James A. Squires and Mark R. George*