**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN CORPORATION, JAMES A. SQUIRES, ALAN H. SHAW, and CYNTHIA M. SANBORN,<br><br>Defendants. | Civil Action No. 1:23-CV-04175-SDG |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND REPLY IN FURTHER SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Defendants Norfolk Southern Corporation ("Norfolk Southern" or the "Company"), James A. Squires, Alan H. Shaw, and Cynthia M. Sanborn (the "Defendants") respectfully submit their (a) Opposition to Plaintiffs' Request for Judicial Notice (ECF No. 101-5) ("Plaintiffs' RJN") and (b) Reply in Further Support of Defendants' Request for Judicial Notice (ECF No. 99-17) ("Defendants' RJN").

## ARGUMENT

### I.    The Court Should Deny Plaintiffs' Request for Judicial Notice

In their Request for Judicial Notice (Plaintiffs' RJN at 4-13), Plaintiffs ask the Court to take judicial notice of three documents that they did not attach to, or reference in, their consolidated complaint (ECF No. 82) (the "Complaint"): (1) the final accident report of the National Transportation Safety Board (the "NTSB Report") concerning the February 3, 2023 derailment in East Palestine, Ohio (the "Derailment");[1] (2) a transcript of NTSB Chair Jennifer Homendy's closing remarks following the NTSB's June 25, 2024 hearing on its investigation into the Derailment (the "NTSB Hearing"); and (3) an article published in the Akron Beacon Journal discussing the NTSB Hearing.  All three of Plaintiffs' exhibits postdate both the filing of the Complaint and the filing of Defendants' Motion to Dismiss ("Motion").

Generally, "[a] court's review on a motion to dismiss is 'limited to the four corners of the complaint.'"  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citation omitted).  The Court "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Id*.  Therefore, "allegations[] raised for the first time in plaintiffs' filings in response to the motion to dismiss, will not be further addressed in the Court's

---

[1] In the alternative, Plaintiffs contend that the Court can consider the NTSB Report (Exhibit A) under the incorporation by reference doctrine.  Plaintiffs' RJN at 6.

2

consideration of . . . the pending motion to dismiss." *Ballard v. Bank of Am. Corp.*, 2014 WL 11970543, at *13 n.13 (N.D. Ga. Sept. 11, 2014), *report & recommendation adopted sub nom. Timothy Ballard & Demaxx Inc. v. Bank of Am. Corp.*, 2014 WL 12284028 (N.D. Ga. Oct. 30, 2014).

Here, Plaintiffs seek to put new allegations before the Court—including those drawn from a report by the NTSB, which federal law squarely provides may not be used in civil litigation—under the guise of judicial notice or incorporation by reference. The Court should deny Plaintiffs' transparent attempt to supplement the Complaint without a formal amendment.

> A. <u>Plaintiffs Cannot Supplement the Complaint Through Judicial Notice or Incorporation by Reference of the NTSB Report (Exhibit A)</u>

Plaintiffs' request that the Court take judicial notice of (or otherwise consider) the NTSB Report in connection with the pending Motion to Dismiss fails on several, independent grounds.[2]

***First***, and critically, ***federal law precludes the use of the NTSB Report in civil litigation***. Specifically, 49 U.S.C. § 1154(b) states: "No part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in

---

[2] The NTSB adopted its Report during the June 25, 2024 hearing. NTSB Report (ECF No. 101-2) at 194. However, the NTSB did not file its Report publicly until July 12, 2024, and later "reissued" it on July 23, 2024. *Id.* at 2.

the report."[3]  The NTSB's regulations further provide that "[p]ursuant to . . . 49 U.S.C. [§] 1154(b) . . . no part of a Board accident report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports."  49 C.F.R. § 835.2.  There can be no dispute that the NTSB Report on which Plaintiffs seek to rely here is a "Board accident report" within the meaning of this regulation, as it is "the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format."  *Id.*; *see also* NTSB Report (ECF No. 101-2) at 170 (setting forth NTSB's conclusions regarding probable cause of the Derailment).  Federal law plainly prevents Plaintiffs from using the NTSB Report in this civil action for damages, which stems from the "matter mentioned in the report"—the Derailment.

Many circuit courts have recognized that this statutory language precludes the use of NTSB accident reports in civil litigation.[4]  And indeed, multiple courts have

---

[3] Plaintiffs conveniently ignore that the NTSB Report itself explicitly states that federal law prohibits use of the report in civil litigation.  *See* NTSB Report (ECF No. 101-2) at 201 ("statutory language prohibits the admission into evidence or use of any part of an NTSB report related to an accident in a civil action for damages resulting from a matter mentioned in the report").

[4] *See, e.g.*, *Helicopters, Inc. v. Nat'l Transp. Safety Bd.*, 803 F.3d 844, 845 (7th Cir. 2015); *Chiron Corp. & PerSeptive Biosystems, Inc. v. NTSB*, 198 F.3d 935, 940 (D.C. Cir. 1999); *Gibson v. Nat'l Transp. Safety Bd.*, 118 F.3d 1312, 1315 (9th Cir. 1997); *cf. Hickson Corp. v. Norfolk S. Ry. Co.*, 124 F. App'x 336, 340-42 (6th Cir. 2005)

stricken references to such NTSB accident reports at the pleadings stage. *See*, *e.g.*, *Knous v. United States*, 981 F. Supp. 2d 1365, 1366 (N.D. Ga. 2013); *McAllister v. Catalyst Aviation, LLC*, 2020 WL 13200026, at *4 (N.D.N.Y. Dec. 22, 2020); *West v. Bell Helicopter Textron, Inc.*, 967 F. Supp. 2d 479, 501-02 (D.N.H. 2013); *Panting v. United States*, 2020 WL 6318889, at *3 (D. Neb. Oct. 28, 2020) ("Given the weight of this precedent and the clarity of the applicable statute and regulation, the Court concludes that the statute means what it says: no part of an NTSB report may be used in a civil action for damages.").[5]  Plaintiffs' suggestion that the Court can consider the NTSB Report simply because it is a public record, *see* Plaintiffs' RJN at 6, is therefore irrelevant given the existence of a specific statute and regulation that precludes the use of this particular type of public record in civil litigation.[6]

---

(upholding trial court's admission of final NTSB report "to cure the prejudicial inference that arose when [defendants] introduced" a prior NTSB letter which "impl[ied] contrary findings," but noting that "[b]oth" pieces of evidence "should have been excluded" under the statute).

[5] This prohibition also applies to factual portions of an NTSB report. *See Chiron Corp. & PerSeptive Biosystems*, 198 F.3d at 940-41.

[6] Notably, none of the "public records" cases that Plaintiffs cite (Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 101) ("Opp.") at 32 n.19; Plaintiffs' RJN at 6-7, 12) concerns NTSB reports, or documents subject to similar restrictions. *See Ward-Richardson v. FCA US LLC*, 690 F. Supp. 3d 1372, 1375 n.2 (N.D. Ga. 2023) (National Highway Traffic Safety Administration Recall Report); *McCone v. Thorpe*, 828 F. App'x 697, 698 (11th Cir. 2020) (state court docket); *Mobility Workx, LLC v. Unified Patents, LLC*, 15 F.4th 1146, 1151 (Fed. Cir. 2021) (Federal Register and United States Patent and Trademark Office documents); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012)

*Second*, even leaving this insurmountable hurdle aside, Plaintiffs' invocation of the incorporation by reference doctrine is also improper.[7]  Incorporation by reference is generally a vehicle by which a *defendant* seeks to introduce documents beyond the four corners of a complaint on a motion to dismiss.  *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  Plaintiffs' reliance on this doctrine is a backdoor attempt to amend the Complaint via their Opposition papers, without seeking leave to amend.  Not surprisingly, Plaintiffs cite no relevant precedent that permits this use.

In any event, the criteria for incorporation by reference do not apply.  Plaintiffs argue that the Court can deem the NTSB Report incorporated by reference because it "is the culmination of the preliminary NTSB report and the NTSB investigation quoted and cited throughout the Complaint, making it central to the Complaint's allegations."  Plaintiffs' RJN at 6.  But Plaintiffs cite no precedent to support the illogical assertion that a document that *did not exist* when a complaint was filed could be *central* to that complaint.[8]  And, "[a]lthough a district court may take

---

(documents filed with the National Highway Traffic Safety Administration); *Lamonte v. City of Hampton*, 576 F. Supp. 3d 1314, 1327 n.12 (N.D. Ga. 2021) (information on a municipal website); *McGuire v. Marshall*, 50 F.4th 986, 1000 n.20 (11th Cir. 2022) (sex offender registry).

[7] *See* Opp. at 31 n.19; Plaintiffs' RJN at 6.

[8] In the one incorporation by reference doctrine case that Plaintiffs cite, *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005), *defendants*

judicial notice of public records and other documents at the Rule 12(b)(6) stage, . . . a court should not consider public records dated after a complaint is filed and submitted by a plaintiff in an attempt to bolster or amend a complaint." *City of Los Angeles v. Bankrate, Inc.*, 2015 WL 11438106, at *4 (S.D. Fla. Nov. 23, 2015).[9]

**Finally**, the Court should deny Plaintiffs' request because they seek to rely on the NTSB Report for the truth of its conclusions. *See* Opp. at 13 n.6 (relying on NTSB Report's contents purportedly to "confirm[] Plaintiffs' allegations" regarding the vent and burn); *id*. at 33 n.20 (relying on NTSB Report's contents to contest claim that Norfolk Southern took particular actions to protect public safety).[10] This is not permissible, as Plaintiffs themselves recognize in opposing Defendants' Request for Judicial Notice. *See* Plaintiffs' RJN at 2 (citing *Bryant v. Avado Brands,*

---

sought incorporation by reference of a purchase agreement that existed at the time the complaint was filed.

[9] *See also Bush v. Blink Charging Co.*, 2023 WL 8263037, at *4 n.3 (S.D. Fla. Nov. 27, 2023) (denying request for judicial notice of document that post-dated complaint); *Tolston v. City of Atlanta*, 2024 WL 1533609, at *36 (N.D. Ga. Mar. 14, 2024) (declining to take judicial notice of facts including "matters that post-date[d]" incident at core of lawsuit).

[10] Plaintiffs also fail to address that the NTSB Report includes non-objective conclusions, determinations, and findings of probable cause, which cannot be subject to judicial notice. *See CITGO Petrol. Corp. v. Starstone Ins. SE*, 2023 WL 2525651, at *8-9 (S.D.N.Y. Mar. 15, 2023) (declining to grant judicial notice of statements of opinions in government reports); 21B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 5104 (2d ed. 2024) (noting that disputable facts are not appropriate for judicial notice and that "a 'fact' will more likely be found 'disputable' if it falls on the opinion end of the traditional fact-opinion' spectrum").

*Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)); *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("courts may take judicial notice of documents . . . for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements)").

For all of these reasons, the Court should find that the NTSB Report may not be used for any purpose in this litigation, and on that basis deny Plaintiffs' request as to Exhibit A.[11]

B. <u>The Court Should Not Allow Plaintiffs to Amend the Complaint Through Judicial Notice of the Homendy Transcript (Exhibit B)</u>

Plaintiffs also ask the Court to take judicial notice of NTSB Chair Jennifer Homendy's remarks delivered during the June 25, 2024 NTSB hearing (Exhibit B). Plaintiffs suggest that judicial notice is proper because the remarks are posted on a government website. Plaintiffs' RJN at 12.

As an initial matter, for the same reasons discussed above, this is an improper attempt to supplement the Complaint without seeking to amend. *See, e.g.*, *Ballard*,

---

[11] *Linenweber v. Southwest Airlines Co.*, 693 F. Supp. 3d 661, 674 (N.D. Tex. 2023), in which a court took judicial notice of an NTSB report, does not aid Plaintiffs. There, the party opposing notice did not present the relevant statute and regulation to the court, *see* Plaintiffs' Opposition to Defendants' Motion to Dismiss, *Linenweber v. Southwest Airlines Co.*, No. 3:20-cv-00408 (N.D. Tex. Oct. 1, 2020), ECF No. 29 at 6-7, and the court made clear it did not meaningfully consider the report in its analysis, 693 F. Supp. 3d at 674-75.

2014 WL 11970543, at \*13 n.13 (citing *Wilchombe*, 555 F.3d at 959).[12]  Moreover, as with the NTSB Report, Plaintiffs seek judicial notice of a document for the truth of its contents.  The mere fact that Homendy made certain remarks has no independent relevance; Plaintiffs obviously seek the Court's consideration of the substance of the remarks.  *See, e.g.*, Opp. at 15 n.7, 32-33 (quoting Homendy's remarks in support of allegations regarding Norfolk Southern's conduct during the NTSB investigation).

Additionally, judicial notice is only appropriate with respect to adjudicative facts that are "not subject to reasonable dispute."  Fed R. Evid. 201(b).  Opinions such as Homendy's remarks *are* subject to reasonable dispute.  *See supra* at 7 n.10.[13]

C. The Court Should Not Allow Plaintiffs to Amend the Complaint Through Judicial Notice of a Newspaper Article (Exhibit C)

Finally, Plaintiffs ask the Court to take judicial notice of an Akron Beacon Journal article dated June 25, 2024 (Exhibit C), suggesting that this news article postdating the Complaint is appropriate for judicial notice "for the purpose of determining that the statements were reported in the article."  Plaintiffs' RJN at 12-13.  This tortured justification makes no sense, which is not surprising given that Plaintiffs are plainly seeking to offer the article for the truth of its contents, namely

---

[12] *See also supra* pp. 6-7.

[13] To the extent that Plaintiffs seek incorporation by reference of the transcript, *see* Opp. at 32 n.19, this is unavailable for the reasons stated above.  *See supra* pp. 6-7.

that Scott Deutsch (a regional hazmat manager to whom Plaintiffs attribute several challenged statements) sent a text message and did so for reasons that supposedly "support[] scienter."  Opp. at 19 (quoting Exhibit C at 2-3).  Such consideration would be improper, and the request should thus be denied.  *See Shahar v. Bowers*, 120 F.3d 211, 214 n.5 (11th Cir. 1997) (rejecting judicial notice of media coverage where "we are not asked merely to take judicial notice of the fact that the media has reported 'X' . . . . We are asked to know 'X.'").[14]

## II.      The Court Should Grant Defendants' Request for Judicial Notice

Plaintiffs' only challenge to Defendants' RJN is Plaintiffs' claim that Defendants purportedly cite two exhibits for the truth of their contents.  This argument fails.[15]

***First***, Plaintiffs suggest that Defendants cite Exhibit 3, a transcript of the February 6, 2023 press conference, "to assert [a] so-called 'truth'" that Deutsch was unaware that he misstated information during the press conference.  Plaintiffs' RJN at 3-4.  This is wrong.  Defendants do not ask the Court to take notice of the *truth* of

---

[14] *See also Shahar*, 120 F.3d at 214 (declining to take judicial notice of "the unofficial conduct of one person based upon newspaper accounts"); *Green v. Bank of Am. Corp.*, 2013 WL 12101067, at *3 (N.D. Ga. Aug. 6, 2013), *report & recommendation adopted*, 2013 WL 12110527, at *1 (N.D. Ga. Sept. 6, 2013) (declining to consider "news article because Plaintiff intends to use them to show the truth of their contents").

[15] Plaintiffs concede that Defendants' Exhibits 1 through 14 "may be considered for the purposes that the documents contain certain statements."  Plaintiffs' RJN at 2-3.

anything said at the press conference.  Rather, Defendants ask the Court to take notice of the *fact* of the full context in which certain challenged statements were made, as courts routinely do.  *See* Defendants' Motion to Dismiss (ECF No. 99) ("Mot.") at 21-22, 36-37; *see, e.g.*, *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("The usual rules for considering 12(b)(6) motions are . . . bent to permit consideration of an allegedly fraudulent statement in its context.").

*Second*, Plaintiffs claim that Defendants cite Exhibit 4, the Federal Railroad Administration's Audit Report ("FRA Audit Report"), "to establish … that a single, vague statement that Norfolk's safety programs were 'largely effective' was true." Plaintiffs' RJN at 3.  Defendants cite Exhibit 4 not for its truth, but for the fact that the report included certain statements about the Company's safety practices.  In particular, the FRA Audit Report concluded that "although Norfolk Southern 'has many opportunities to improve employee and manager awareness of and compliance with both FRA safety regulations and NS safety programs,' its safety programs 'are largely effective and compliant with relevant safety regulations.'" Mot. at 28-29 (quoting Exhibit 4).  The mere fact that the report used this language has independent significance apart from the truth of its contents, as it negates Plaintiffs' argument that Defendants had knowledge that Norfolk Southern's operations were unsafe and noncompliant based on the report.  *See* Compl. ¶¶ 472, 483-84; Mot. at 28-29; *Osheroff*, 776 F.3d at 811 n.4.

Because Defendants' request for judicial notice of all 14 exhibits attached to their Motion is proper, and Plaintiffs have raised no legitimate objections to any of these exhibits, the Court should grant Defendants' Request for Judicial Notice in full.[16]

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Request for Judicial Notice of Exhibits A-C and grant Defendants' Request for Judicial Notice of Exhibits 1-14.

Date: September 23, 2024       Respectfully submitted,

*/s/ Hilary Houston Adams*
Hilary Houston Adams
Georgia Bar No. 926142
HALL, BLOCH, GARLAND & MEYER, LLP
900 Circle 75 Parkway, Suite 500
Atlanta, Georgia 30339-3099
Telephone: (678) 888-0036
Fax: (678) 379-6124
hilaryadams@hbgm.com

Michael G. Bongiorno (admitted *pro hac vice*)
Tamar Kaplan-Marans (admitted *pro hac vice*)
Jeremy T. Adler (admitted *pro hac vice*)
Ripley B. Shiarella (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
7 World Trade Center
250 Greenwich Street

---

[16] Plaintiffs' RJN only challenges Exhibits 3 and 4. Plaintiffs do not make any specific arguments with respect to any of Defendants' other exhibits.

New York, NY 10007
Telephone: (212) 230-8800
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com
tamar.kaplan-marans@wilmerhale.com
jeremy.adler@wilmerhale.com
ripley.shiarella@wilmerhale.com

Denise Tsai (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
denise.tsai@wilmerhale.com

*Counsel for Defendants Norfolk Southern
Corporation, James A. Squires, Alan H. Shaw, and
Cynthia M. Sanborn*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that Defendants' Opposition to Plaintiffs' Request for Judicial Notice and Reply in Further Support of Defendants' Request for Judicial Notice has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).

*/s/ Hilary Houston Adams*
Hilary Houston Adams

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2024, I electronically filed the foregoing Opposition to Plaintiffs' Request for Judicial Notice and Reply in Further Support of Defendants' Request for Judicial Notice with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Hilary Houston Adams*
Hilary Houston Adams