**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>NORFOLK SOUTHERN CORPORATION, et al.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:23-cv-04175-SDG<br><br><u>CLASS ACTION</u> |

**STIPULATED PROTECTIVE ORDER**

4907-0986-8860.v2

IT IS HEREBY STIPULATED AND AGREED, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, by Lead Plaintiffs Ironworkers Locals 40, 361 & 417 Union Annuity, Pension and Topping Out Funds and Akademikernes Pensionskasse ("Plaintiffs") and Defendants Norfolk Southern Corporation, James A. Squires, Alan H. Shaw, and Cynthia M. Sanborn (collectively, "Defendants," and with Plaintiffs, the "Parties") in the above-captioned action (the "Action"), that this Stipulation and Protective Order (the "Stipulation and Order") governs disclosure and use by the Parties of all Discovery Materials, defined below, in this Action. The Parties, by and through their respective undersigned counsel, hereby stipulate to the following terms governing the pre-trial phase of this Action, subject to the Court's approval.

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the Action are likely to involve production of confidential or proprietary information for which protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. The Parties acknowledge that this Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited Information or Items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulation and Order does not entitle them

- 1 -

4907-0986-8860.v2

to file confidential information under seal.  When seeking to file any documents containing confidential information under seal, the Parties will adhere to the process required by §III.h. of the Court's Standing Order Regarding Civil Litigation ("Standing Order").

## 2.    DEFINITIONS

2.1    <u>Information or Items</u>: (1) documents, discovery responses, deposition transcripts, deposition videotapes and other material produced, generated, or exchanged in the course of this case; (2) any copies, notes, abstracts or summaries of material produced, generated, or exchanged in the course of this case; and (3) any pleading, motion, brief, declaration, transcript or filing containing such Information or Items.  Nothing in this Stipulation and Order concerns the disclosure or use of its own Information or Items by any Producing Party to its employees, officers, agents and directors if such disclosure or use is made in the ordinary course of business, unrelated to this litigation.

2.2    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of Information or Items under this Stipulation and Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>: A Designating Party may designate as "CONFIDENTIAL" any Information or Items that the Designating Party concludes in good faith qualifies for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, (regardless of how it is generated, stored or maintained).  This includes

- 2 -

Information or Items protected from disclosure under federal law or the law of any other applicable jurisdiction, by statute or that should be protected from disclosure as containing trade secrets, personal identifying information, sensitive personal information, medical or psychiatric information, personnel records, or other such sensitive commercial, financial, or proprietary information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as Confidential.

2.4 "HIGHLY CONFIDENTIAL" Information or Items: A Designating Party may designate as "HIGHLY CONFIDENTIAL" any extremely sensitive "CONFIDENTIAL" Information or Items where the Designating Party has a good faith belief that absent the protections afforded herein to "HIGHLY CONFIDENTIAL" the disclosure of such Information or Items to other parties (not including their counsel) would create a substantial risk of harm or injury to the Designating Party that could not be avoided by less restrictive means. This includes Information or Items that contain: (i) highly sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"); (ii) highly sensitive commercial information relating to future business/strategic plans, future sales, and financial projections; (iii) highly sensitive trade secrets and product development, research, and design; (iv) highly sensitive commercial agreements, confidential settlement

- 3 -

agreements, or confidential settlement communications; and (v) highly sensitive financial information, the disclosure of which the Designating Party in good faith believes is likely to cause substantial harm to a Producing Party.

2.5     Counsel (without qualifier): Outside Counsel and In-House Counsel, and any other counsel of record in this litigation (as well as their support staff).

2.6     Designating Party: A Party or Non-Party that designates Information or Items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7     Discovery Materials: All Information or Items, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     In-House Counsel: Attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel in this Action or any other outside counsel.

2.10   Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

- 4 -

2.11   Outside Counsel: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12   Party: Lead Plaintiffs and Defendants, including all their respective officers, directors, employees, and Counsel (and support staff).

2.13   Producing Party: A Party or Non-Party producing Information or Items in this Action.

2.14   Professional Vendors: Persons or entities that provide or advise on litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors (as well as their support staff).

2.15   Protected Material: Any Information or Items that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Stipulation and Order.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Stipulation and Order.

2.16   Receiving Party: A Party that receives the Protected Material from a Producing Party.

- 5 -

4907-0986-8860.v2

3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material, but also: (1) any Information or Items copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, court submissions, or presentations by Parties or their Counsel that might reveal Protected Material.   However, the protections conferred by this Stipulation and Order do not cover the following Information or Items: (a) any Information or Items that are in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation and Order, including becoming part of the public record through trial or otherwise; and (b) any Information or Items known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the Information or Items lawfully and under no obligation of confidentiality to the Designating Party.   Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect after dismissal or entry of final judgment not subject to further appeal.   Final disposition shall be deemed to be

the latest of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; (2) final approval of settlement between and among all parties; or (3) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Protected Material</u>.  Each Designating Party must take care to limit any such designation to specific material that qualifies under the applicable standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not included unjustifiably within the ambit of this Stipulation and Order.  Mass or indiscriminate designations are prohibited.

If it comes to a Designating Party's attention that Information or Items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation, and reproduce the Information or Items without any designation markings or stamps.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulation and Order, or as otherwise stipulated or ordered, Discovery Material

that qualifies for protection under this Stipulation and Order must be clearly so designated prior to or at the time the material is disclosed or produced.

Designation in conformity with this Stipulation and Order requires:

(a)     For Information or Items in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Designating Party shall indicate in the accompanying cover letter that the production includes Protected Material and affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page of the production that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material in a manner that will not interfere with the legibility of the document.  For documents produced in native format, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend shall be affixed to the placeholder bates numbered TIFF image that accompanies the native file.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.

(b)     The entire transcript of any deposition or court proceeding shall be treated as if designated "CONFIDENTIAL" until 30 days after delivery of the final

- 8 -

4907-0986-8860.v2

transcript, during which period Counsel for any Party or Non-Party may designate the entire transcript or any sections of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that were not so designated on the record at the deposition or court proceeding.  However, if the Designating Party has reason to expect that, following a deposition, it will designate any portion of the transcript as "HIGHLY CONFIDENTIAL," the Designating Party will make such designation as soon as is practicable.  To the extent a Party wishes to reference Protected Material that is not referenced in either Party's filing(s) at issue before the court, the Party shall give notice if they reasonably expect a court proceeding to include Protected Material not previously referenced in the filing(s) at issue before the court so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  Except as otherwise provided herein, the use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c)    For testimony given in deposition or in other pretrial proceedings, the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, that the testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information.  The Designating Party will have up to 30 days from the receipt of the transcript to designate the specific pages and lines of the transcript

- 9 -

4907-0986-8860.v2

that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information by written notice to the court reporter, with a copy of the notice to Counsel for each Party to the Action.  During that time, all such designated testimony will be treated in its entirety as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information, according to its identification on the record, unless receipt of confidentiality designations is received earlier.  If the Designating Party has reason to expect that, following a deposition, it will designate any portion of the transcript as "HIGHLY CONFIDENTIAL," the Designating Party will make such designation as soon as is practicable.  After designation, the deposition transcripts and any of those portions so designated shall be protected as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," pending the resolution of any challenge to the designation, under the terms of this Stipulation and Order.

(d)    For Information or Items produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Information or Item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the Information or Item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

- 10 -

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (by phone, video conference, or in person) within seven days of the date of notice of the challenge.

6.3    <u>Judicial Intervention</u>.    If the Parties cannot resolve a challenge without court intervention, the Designating Party shall, in accordance with §III.f. of the Standing Order, email the Court a statement outlining its position and requesting a conference with the Court.    Parties seeking court intervention must submit this statement to the Court within 21 days of the initial notice of challenge or within seven days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

- 11 -

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order. When the Action has been terminated, a Receiving Party must comply with the provisions regarding the final disposition of Protected Material.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Order.

7.2     Control of Documents. Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Stipulation and Order. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Stipulation

- 12 -

4907-0986-8860.v2

and Order for a period of one year after dismissal of the Action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

7.3    Security.  Any person in possession of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Information or Items, protect against any reasonably anticipated threats or hazards to the security of such Information or Items, and protect against unauthorized access to such Information or Items.  To the extent a party or person does not have an information security program, they may comply with this provision by having the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.  If a Receiving Party or authorized recipient discovers any loss of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or a breach of security, including any potential or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or authorized recipient shall: (1) immediately provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Designating Party with assurances reasonably satisfactory to the Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the

- 13 -

4907-0986-8860.v2

Designating Party can reasonably ascertain the size and scope of the breach.  The Receiving Party or authorized recipient shall cooperate with the Designating Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

7.4     Disclosure of "CONFIDENTIAL" Information or Items.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Information or Item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the Information or Items for this Action;

(b)     The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The court and its personnel, special masters, any court-appointed official and their staff, and any appellate court in this Action;

(e)     Court reporters, videographers, stenographers, and their staff;

- 14 -

(f)    Professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    Professional Vendors and their staff;

(h)    Non-Party special masters, mediators, and/or third parties retained by the Parties for settlement purposes or resolution of discovery disputes or mediation, including their staff;

(i)    Witnesses or potential witnesses in the Action, during or in preparation for deposition or trial testimony, to whom disclosure is reasonably necessary, so long as they are not permitted to retain copies of Protected Material;

(j)    The author (including the individual or individuals who prepared or contributed to a document) or recipient (including, without limitation "bcc" recipients) of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(k)    Any of the insurance carriers that may provide coverage for the claims in the Action and counsel for such insurers.

7.5    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Information or Item designated "HIGHLY CONFIDENTIAL" in the same manner as "CONFIDENTIAL" Information or Items, except that if (a) an Expert is a current employee, officer, or director of a Party's

- 15 -

competitor; or (b) a witness is a current or former employee, officer, or director of a Party's competitor, employed March 4, 2023 or later, and is not a person described in §7.4(j) above, then "HIGHLY CONFIDENTIAL" Information or Items may only be shown during a deposition after the Expert or witness has been requested to sign Exhibit A of this Stipulation and Order. The Expert or witness may not retain the "HIGHLY CONFIDENTIAL" Information or Items. For purposes of this paragraph, Norfolk Southern Corporation's competitors consist of the five other Class I railroads: (1) BNSF Railway Co.; (2) Canadian National Railway (Grand Trunk Corporation); (3) CSX Transportation; (4) Canadian Pacific Kansas City Limited; and (5) Union Pacific Railroad Co.

7.6    Prohibited Disclosure of Protected Material: Persons receiving Protected Information must not reveal such Information or Items to, or discuss that Information or Items with, any person who is not entitled to receive the Protected Information, except as set forth in this Stipulation and Order.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Information or Items designated by a Party or Non-Party in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," that Party must:

- 16 -

(a)    Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Order. Such notification shall include a copy of this Stipulation and Order; and

(c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Information or Items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

The terms of this Stipulation and Order are applicable to Information or Items produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such Information or Items produced by Non-Parties

- 17 -

in connection with this Action is protected by the remedies and relief provided by this Stipulation and Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT FAILURES TO DESIGNATE AND WAIVER OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DESIGNATION**

11.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

- 18 -

Stipulation and Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.2   Any Designating Party may voluntarily disclose to others, without restriction, and without waiving the designation, any Information or Items designated by that Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." However, if a Party or Non-Party intentionally makes publicly available its own Protected Material, such act shall operate as a waiver of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

11.3   If Information or Items alleged to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is inadvertently or unintentionally produced without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Party would otherwise be entitled.  As soon as practicable, the Producing Party shall notify all other Parties in writing of its inadvertent or unintentional production of the Information or Items without the proper designation.  Upon receiving such written notification, all Parties shall treat the Information identified in the written notification as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Stipulation and Order.  Within seven days of sending such written notification, the Producing Party shall reproduce the Information or Items with the appropriate

- 19 -

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation. No Party shall be found to have violated this Stipulation and Order for failing to maintain the confidentiality of any Discovery Material during a time when that Discovery Material was not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," even where the failure to so designate was inadvertent and where the Discovery Material is subsequently designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

11.4 If a Non-Party produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items of a Party without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Party whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information has been produced may designate Information or Items "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at any time until 60 days before the completion of fact discovery. To the extent a Non-Party produces a Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," which is discovered or identified after this date, the Parties shall meet and confer in good faith regarding the need for such Information or Items to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

- 20 -

## 12.    EXTENSION TO NON-PARTIES

This Stipulation and Order extends to Information or Items produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## 13.    MISCELLANEOUS

13.1    <u>Right to Further Relief</u>.  Nothing in this Stipulation and Order abridges the right of any person to seek its modification by the court in the future.

13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any Information or Items on any grounds not addressed in this Stipulation and Order.  Similarly, no Party waives any right to object on any grounds to use in evidence of any of the material covered by this Stipulation and Order.

## 14.    FINAL DISPOSITION

At any time after 60 days of the final disposition of this Action, upon the request of the Producing Party, the Receiving Party must make commercially reasonable efforts to return or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  This provision does not require the return or destruction of Protected Material stored on backup media made in accordance with regular data backup

4907-0986-8860.v2

procedures for disaster recovery purposes, subject to legal hold obligations, or whose return or destruction would violate applicable federal or state law or regulations. Whether the Protected Material is returned or destroyed, upon request, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 30 days of the request that affirms that commercially reasonable efforts were made to ensure that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and both Counsel and their Experts shall be entitled to retain archives of Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and Order.

## 15.    MODIFICATION

This Stipulation and Order may only be modified by agreement of all Parties in the form of a written stipulation that shall be filed with and approved by the Court. Nothing contained herein shall preclude any Party from seeking from the Court, upon noticed motion, relief from this Stipulation and Order or modification thereof.

- 22 -

4907-0986-8860.v2

**STIPULATED AND AGREED:**

DATED:  July 3, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
ASHLEY M. PRICE (CA 281797)
(admitted *pro hac vice*)
JENNIFER N. CARINGAL (286197)
(admitted *pro hac vice*)
JACK ABBEY GEPHART (CA 345398)
(admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ (360232)
(admitted *pro hac vice*)


                    *s/ Ashley M. Price*
_____
              ASHLEY M. PRICE

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
aprice@rgrdlaw.com
jcaringal@rgrdlaw.com
jgephart@rgrdlaw.com
egonzalez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS (CA 253370)
(admitted *pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com

*Counsel for Co-Lead Plaintiff the Ironworkers
Funds and Co-Lead Counsel for the Class*

- 23 -

4907-0986-8860.v2

HERMAN JONES LLP
JOHN C. HERMAN
(Georgia Bar No. 348370)
3424 Peachtree Road NE, Suite 1650
Atlanta, GA  30326
Telephone:  404/504-6500
404/504-6501 (fax)
jherman@hermanjones.com

*Counsel for Co-Lead Plaintiff the Ironworkers Funds and Co-Liaison Counsel*

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY (OH 0063373)
(admitted *pro hac vice*)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

*Counsel for Bucks County Employees Retirement System and the Ironworkers Funds*

- 24 -

KESSLER TOPAZ MELTZER
  & CHECK, LLP
JOHNSTON DE F. WHITMAN, JR. (PA207914)
(admitted *pro hac vice*)
NATHAN A. HASIUK (PA314644)
(admitted *pro hac vice*)
AUSTIN W. MANNING (PA327640)
(*pro hac vice* pending)
VANESSA M. MILAN (PA329312)
(admitted *pro hac vice*)
DYLAN J. ISENBERG (PA333996)
(admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
jwhitman@ktmc.com
nhasiuk@ktmc.com
amanning@ktmc.com
vmilan@ktmc.com
disenberg@ktmc.com

*Counsel for Co-Lead Plaintiff Akademikernes*
*Pensionskasse and Co-Lead Counsel for the Class*

CAPLAN COBB LLC
MICHAEL A. CAPLAN
(Georgia Bar No. 601039)
CAMERON B. ROBERTS
(Georgia Bar No. 599839)
75 Fourteenth Street, NE, Suite 2700
Atlanta, GA  30309
Telephone:  404/596-5600
404/596-5604 (fax)
mcaplan@caplancobb.com
croberts@caplancobb.com

*Counsel for Co-Lead Plaintiff Akademikernes*
*Pensionskasse and Co-Liaison Counsel*

- 25 -

4907-0986-8860.v2

DATED:  July 3, 2025

WILMER CUTLER PICKERING HALE
  AND DORR LLP
MICHAEL G. BONGIORNO (Bar No. 4347316)
(admitted *pro hac vice*)
TAMAR KAPLAN-MARANS (Bar No. 4864385)
(admitted *pro hac vice*)

*s/ Tamar Kaplan-Marans*

TAMAR KAPLAN-MARANS

7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  212/230-8800
212/230-8888 (fax)
michael.bongiorno@wilmerhale.com
tamar.kaplan-marans@wilmerhale.com

HALL, BLOCH, GARLAND & MEYER, LLP
HILARY HOUSTON ADAMS
(Georgia Bar No. 926142)
900 Circle 75 Parkway, Suite 500
Atlanta, Georgia 30339-3099
Telephone:  678/888-0036
678/379-6124 (fax)
hilaryadams@hbgm.com

*Counsel for Defendants Norfolk Southern
Corporation, James A. Squires, Alan H. Shaw, and
Cynthia M. Sanborn*

4907-0986-8860.v2

\*  \*  \*

## <u>ORDER</u>

IT IS SO ORDERED.

DATED:   <u>July 14, 2025</u>   _____

THE HONORABLE STEVEN D. GRIMBERG
UNITED STATES DISTRICT JUDGE

4907-0986-8860.v2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) Civil Action No. 1:23-cv-04175-SDG |
| Plaintiff, | ) ) CLASS ACTION ) ) ) |
| vs. | ) ) ) |
| NORFOLK SOUTHERN CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) ) ) |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type employer], acknowledge that I have read in its

entirety and understand the Stipulation and Protective Order ("Stipulation and Order")

that was issued in the above captioned case on [INSERT DATE ORDERED]. I agree

to comply with and to be bound by all the terms of this Stipulation and Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

- 28 -

4907-0986-8860.v2

and punishment in the nature of contempt.  I agree that I will not disclose in any manner any Information or Item that is subject to this Stipulation and Order to any person or entity except in strict compliance with the provisions of this Stipulation and Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing the terms of this Stipulation and Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

Printed name: _____

Signature: _____

4907-0986-8860.v2