UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


BUCKS COUNTY EMPLOYEES                )          Docket Number
RETIREMENT SYSTEM, et al.             )          1:23-CV-04175-SDG
                                      )
                                      )
                  Plaintiffs,         )
                                      )
                                      )
            v.                        )
                                      )          Atlanta, Georgia
                                      )          July 18, 2025
NORFOLK SOUTHERN                      )
CORPORATION, et al.                   )
                                      )
                                      )
                  Defendants.         )

                    TRANSCRIPT OF TELECONFERENCE
            BEFORE THE HONORABLE STEVEN D. GRIMBERG
                  UNITED STATES DISTRICT JUDGE

APPEARANCES OF COUNSEL:

FOR THE PLAINTIFFS:                        MR. JASON C. DAVIS
                                           MS. ASHLEY M. PRICE
                                           MR. JACK A. GEPHART
                                           MR. CAMERON B. ROBERTS
                                           MS. EVELYN SANCHEZ-GONZALEZ
                                           MR. NATHAN HASIUK
                                           MR. FARAI SHAWA
                                           MR. JOHNSTON WHITMAN


FOR THE DEFENDANTS:                        MS. TAMAR KAPLAN-MARANS
                                           MS. DENISE TSAI
                                           MR. WILLIAM BRENC
                                           MS. SARAH MACIEL


OFFICIAL COURT REPORTER:                   ALICIA B. BAGLEY, RMR, CRR


 Proceedings recorded by mechanical stenography, transcript produced
                          by computer

P R O C E E D I N G S

(in Atlanta, Fulton County, Georgia; July 18, 2025;

all parties by Zoom)

THE COURT:  All right.  Let me call the case.  This is Bucks County vs. Norfolk Southern.  Case Number 23-CV-4175.  Let's have appearances of counsel beginning with the plaintiff.

MR. DAVIS:  Good morning, Your Honor.  Jason Davis of Robbins Geller Rudman & Dowd, LLP, for the plaintiffs.  From my firm present as well are Ashley Price, Jack Gephart, and Evelyn Sanchez-Gonzalez.

THE COURT:  All right.  Good morning.

And for Norfolk?

MR. WHITMAN:  Good morning, Your Honor.  Johnston Whitman from Kessler Topaz Meltzer & Check on behalf of the plaintiffs.

MR. HASIUK:  (Inaudible.)

THE COURT:  Hold on.  We missed half of it and you're talking too fast.  Start over, please.

MR. HASIUK:  Sorry, Your Honor.  Nathan Hasiuk from Kessler Topaz Meltzer & Check also for plaintiffs.  I'm joined by Farai Shawa from our firm, as well.

THE COURT:  Okay.  Thank you.

MR. HASIUK:  Thank you, Your Honor.

MS. KAPLAN-MARANS:  Good morning, Your Honor.  Sorry.  Go ahead.

MR. ROBERTS:  This is Cameron Roberts from Caplan Cobb for the plaintiffs.

THE COURT:  Good morning.

MS. KAPLAN-MARANS:  Good morning, Your Honor.  This is Tamar Kaplan-Marans from WilmerHale for the defendants.  I'm joined by my colleagues Denise Tsai, Willie Brenc, and Sarah Maciel.

THE COURT:  Okay.  Great.  Good to see you all.

We're here on a discovery dispute raised by the plaintiffs pursuant to my standing order in a letter submitted on July 8th and then a response from Norfolk on July 14th.  I've reviewed both of those.  I think I understand the issue.

Mr. Davis, can you just sort of set the table for us?

MR. DAVIS:  Thank you, Your Honor.

We're here today on a very, very precise issue from the point of view of the plaintiffs.  The issue arises under Rule 34 of the Federal Rules of Civil Procedure and specifically whether the defendant, Norfolk Southern, needs to produce deposition transcripts, exhibits, and errata from a related case, the Ohio action, that we've referred to in our letters.  As the Court is aware, this Ohio action focuses on the vent and burn issue which is a subpart in this case.

Under the Federal Rules, Rule 34 specifically, the defendants have possession of those documents.  Rule 34, of course, is cabined by Rule 26 and so the question then turns to relevance and burden.  The defendants have not raised a relevance concern nor have they raised a burden concern nor have they made an assertion of

privilege.  We've checked all the boxes, Your Honor, these documents must be produced, and we've cited cases from federal courts requiring the production of deposition transcripts.  In our letter, we have the Hallmark and the Carley cases.

In response, the defendants have not contested our authorities, our interpretations of the rules.  Instead, what they have done is referred the Court to a stipulated agreement that they reached with the Ohio Attorney General in that parallel action.  I'd like to draw the Court's attention to a single sentence in that stipulation and that's at Paragraph 3 of the stipulation that's attached as Exhibit A to the defendants' letter to this Court.

The first sentence reads, quote, Ohio has obtained 69 deposition transcripts through discovery conducted in this case and, quote - the next sentence now paraphrasing, Your Honor - refers to Exhibit A and explains that the identities of witnesses on Exhibit A reflect deposition transcripts provided to Ohio by Norfolk Southern. In other words, Your Honor, the Ohio AG had already obtained the deposition transcripts that are at issue before the Court before they made the decision about reaching an agreement with Norfolk Southern as to whether certain witnesses would be deposed again for the first time, so on and so forth.

We are here for the precise purpose of just getting those deposition transcripts.  We're not asking to take 70 depositions. We've noticed no depositions.  It may well be the case, Your Honor, that an agreement similar, but not the same, as the one that Norfolk

reached with the Ohio AG may be appropriate in this case.  But we can't make an educated decision on that subject without the deposition transcripts.  For all these reasons, Your Honor, we respectfully ask the Court to direct Norfolk Southern to produce the deposition transcripts in this case.

The last thing I'll mention, Your Honor, is in the last paragraph of defendants' letter they say, you know, if the Court were inclined to grant the relief that we're seeking, it would be without prejudice to the defendants' ability to contest a deposition notice or subpoena, if the plaintiffs issue one in the future.  We agree with that.  We're not attempting to deprive the defendants of any rights to contest a deposition in the future.  All we're asking for are deposition transcripts today without the conditions that Norfolk seeks to impose, Your Honor.

THE COURT:  All right.  Who wants to handle this for Norfolk?

MS. KAPLAN-MARANS:  I will, Your Honor.  Thank you.

I'd like to start by saying that we are willing to provide these deposition transcripts, exhibits, and errata to plaintiffs. Our goal here is to conduct discovery in an efficient and not a burdensome way.

As you know, Your Honor, the company has had significant litigation and investigation following the derailment.  We are doing our best to leverage any work that has been done to date.  To that end, we've produced over 700,000 documents to the plaintiff from the

Ohio action, the class action that we've been talking about here, in our letter. Those documents relate to the issues in that case which relate to the derailment and the vent and burn.

Our intent here is to avoid opening up the door to depositions where we are retreading issues that have already been significantly litigated, these individuals have all been deposed. Of note, there were 34 Norfolk Southern employees and individuals who were deposed in the class action, those are the 34 transcripts that we're talking about here. The majority of those folks are line-level operations folks, some midlevel. They are not executives. Other than Alan Shaw, who is the former CEO and a defendant in our case here, we have agreed that he can be deposed again, no conditions, and we will still provide his transcript from the Ohio action.

This is a securities fraud case. This is not a personal injury or tort case, as you know, Your Honor, we teed up that issue before you previously. Our view is that while there is certainly some relevance to the issues from the Ohio action because we understand that there are allegations related to the derailment and the vent and burn in plaintiffs' complaint, the majority of these folks are not individuals who are relevant to the claims that the plaintiffs are bringing. Their claims are based on SEC filings, press releases. There are 35 challenged statements and only three of those are from the actual derailment vent and burn event.

So our view is that this is a very fair proposal and something that will make us be able to conduct discovery here in a

commonsense way.  We are very aware of Your Honor focusing on the fact that you are going to be very strict on the deadlines.  We want to be able to meet all of our deadlines here and our schedule is tight for fact discovery.  Plaintiffs have propounded already over 105 document requests so there's a lot that needs to happen in a short amount of time before trying to make this as efficient as possible, again, without retreading ground that has already been covered.

THE COURT:  So the proposal that you're referencing is what, that there be an agreement that they would confer on topics in advance of any -- the deposition of any person whose deposition transcript is provided?  Is it for all of them or only the executives or who?

MS. KAPLAN-MARANS:  So for all of the depositions that we would provide for any of those individuals, other than Alan Shaw who, again, they can depose him in the first instance so removing him from that group of individuals -- to the extent that they seek to re-depose any of those individuals, they need to explain why.  They need to provide a high-level list of topics explaining what has not yet been covered by these individuals' prior depositions which were, you know, all-day depositions with extensive transcripts.

In our view, this is very similar to what you might do when you notice a 30(b)(6) deposition, right, it will include specific topics.  You're not providing a list of questions you expect to ask at the deposition.  It's just a high-level list of the topics that they

would expect to cover so that gives us a chance to say, okay, you know, like whether we think that this is something -- whether a re-deposition is something that should occur.

THE COURT:  Well, what is the basis under the Federal Rules that would impose conditions on the production of documents?  Do you have an objection to the production?

MS. KAPLAN-MARANS:  No, we don't have an objection to providing the deposition transcripts.  As Mr. Davis referenced, in our letter to the extent the Court wants to kick the can on this to a later date when there are specific noticed depositions so that we can -- you know, we just want to reserve our right to do that at a later date then.  But our view is that this is a commonsense way to conduct discovery, that we don't need to do duplicative work here.

THE COURT:  All right.  Mr. Davis, anything you want to add?

MR. DAVIS:  Yes.

Norfolk Southern is essentially asking the Court for an advisory opinion here.  We don't have deposition transcripts.  We have not noticed depositions.  The Ohio AG itself had in its possession the deposition transcripts we're disputing today before it made the decision as to what approach it wanted to take.

In this case, we don't know what number of those 34 folks who work for Norfolk Southern still work for them and are within the 100-mile jurisdiction of the court.  How many will show up at trial. Whether we can play their video transcripts.  Whether they were asked

questions and all the exhibits that are important to us.  We do not have enough information to go forward with Norfolk Southern and have an intelligent discussion about a stipulation along the lines that was appropriate to the Ohio AG.

We're not saying one is never going to be appropriate.  We simply don't have the facts that we need to make that decision and we respectfully submit that the defendants have not satisfied their burden of providing those facts to the Court such that the Court can look down the road, under Rule 30, about potential depositions that have not even been noticed yet and make a decision today on that subject.

Again, in conclusion, all we're asking from Norfolk Southern and all we're asking the Court to do is direct Norfolk Southern to produce the deposition transcripts, exhibits with errata without prejudice to their rights going forward under Rule 30.

THE COURT:  Well, I agree.  It just seems like I'm being asked to rule sort of in the abstract without knowing -- I would need to know the details of the specific circumstances of an individual deposition before I could sort of provide any guidance on that.  Obviously, it would be ideal if the parties could reach an agreement, but I can't force that.  Without an agreement, I'm just going to have to rule on these issues as they come.  So I'm going to do what judges do best and punt on this.

So I will instruct Norfolk go ahead and produce the deposition transcripts with the errata sheets, it doesn't sound like

you have an objection to that, and then if and when the time comes that someone who was previously deposed, other than Mr. Shaw, is noticed for a deposition, I'll ask counsel to confer about the reasons for the re-notice and if you cannot come to an agreement on the scope of that deposition, then come back and we'll talk about it. That's the least efficient resolution for me, but I feel like that's sort of where we are.

MS. KAPLAN-MARANS:  Understood, Your Honor.  And we appreciate the chance to reserve our rights on this issue so thank you.

MR. DAVIS:  Thank you, Your Honor.

THE COURT:  Okay.  Do we have to discuss timing on this, Ms. Kaplan?  When will these be produced?

MS. KAPLAN-MARANS:  We can work to get them to the plaintiffs as quickly as possible.  I don't have an exact number of days, but we'll work to get it to them in good faith as soon as we can.

THE COURT:  Okay.  All right.  Great.  Anything else for us to take up?  No?

MR. DAVIS:  No, Your Honor.

THE COURT:  Okay.  Well, take the rest of the day off then.  Have a good weekend.

(Proceedings concluded at 9:17 a.m.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

CERTIFICATE OF REPORTER


          I do hereby certify that the foregoing pages are a true and correct transcript of the proceedings taken down by me in the case aforesaid.



                    This the 23rd day of July, 2025.




                              /S/ Alicia B. Bagley _____
                              ALICIA B. BAGLEY, RMR, CRR
                              OFFICIAL COURT REPORTER
                              (706) 378-4017