**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORFOLK SOUTHERN CORPORATION, et al.,<br><br>Defendants. | ) | Civil Action No. 1:23-cv-04175-SDG<br><br>CLASS ACTION |

**ORDER GRANTING CLASS REPRESENTATIVES' UNOPPOSED MOTION TO APPROVE NOTICE OF PENDENCY OF CLASS ACTION, NOTICE PROCEDURES, AND APPOINTMENT OF NOTICE ADMINISTRATOR**

Upon consideration of Class Representatives' Unopposed Motion to Approve Notice of Pendency of Class Action, Notice Procedures, and Appointment of Notice Administrator (the "Motion"), the proposed notice forms set forth therein, and the Court's September 29, 2026 Opinion and Order granting class certification (ECF 238, "Class Certification Order"), **IT IS HEREBY DETERMINED AND ORDERED** that the Motion is **GRANTED** as follows:

1. The proposed notice forms accompanying Class Representatives' Motion (collectively, the "Notice Package") are **APPROVED**: the Notice of Pendency of Class Action ("Notice," Exhibit A); the Summary Notice of Pendency of Class Action ("Summary Notice," Exhibit B); the Postcard Notice (Exhibit C); and the instruction letter to brokers and other nominees (Exhibit D). The Class and Class Period are those established by the Class Certification Order and described in Paragraph 1 of the Notice. The approved notices concern the certified Class claims involving allegedly false or misleading statements, identified as "operational" statements in the Class Certification Order, concerning the implementation of precision-scheduled railroading by Norfolk Southern Corporation ("Norfolk Southern") in relationship to the safety of Norfolk Southern's operations. The notice forms comport with Federal Rule of Civil Procedure ("Rule") 23(c)(2)(B): They plainly state the nature of the Action; the definition of the certified Class; and the Class claims, issues, and defenses; and advise Class members that:

(a) the Court will exclude from the Class any member who properly and timely requests exclusion;

(b) the time and manner for requesting exclusion are as specified in this Order and the Notice;

(c) orders and judgments concerning the certified Class claims, whether favorable or unfavorable, will bind Class members who do not properly request exclusion; and

(d) any Class member who remains in the Class may enter an appearance through retained counsel at the member's own expense, as described below.

2. Class Counsel, through the Notice Administrator (defined below), shall cause the Postcard Notice to be mailed by first-class mail to potential Class members identifiable through reasonable effort, with email delivery where valid email addresses are available, and shall cause the Summary Notice to be published once in each of *The Wall Street Journal* and *Investor's Business Daily* and transmitted once over *Business Wire*. The Notice, Postcard Notice, and Summary Notice shall be posted on the dedicated website described below. Printed copies of the Notice shall be provided upon request. The Court finds that the forms and methods of notice directed by this Order satisfy Rule 23(c)(2)(B) and due process and constitute the

best notice practicable under the circumstances. Publication notice shall supplement individual notice.

3. Within ten (10) business days after entry of this Order, Norfolk Southern shall provide to the Notice Administrator, or cause its transfer agent to provide, a mailing list (including email addresses where available) for all registered record holders of Norfolk Southern common stock during the Class Period, as set forth in the records of Norfolk Southern's transfer agent. Nothing herein obligates Norfolk Southern to obtain and provide information sufficient to identify beneficial owners associated with the shares held by any record holder. The Notice Administrator shall review the data for duplicate entries and incomplete information, update mailing addresses through the United States Postal Service's National Change of Address registry, and use the updated data for mailing. Returned notices shall be re-mailed when new addresses are identified. Where an email fails and a mailing address is available, the Postcard Notice shall be mailed.

4. Verita Global, LLC ("Verita") is **APPOINTED** as the notice administrator ("Notice Administrator"), and Class Counsel are authorized to retain it to supervise and administer the notice program as follows:

(a) Not later than twenty (20) calendar days after entry of this Order, Class Counsel, through the Notice Administrator, shall commence dissemination of the Postcard Notice, substantially in the form approved by this Order, to be mailed

by first-class mail, postage prepaid, to potential Class members identifiable through reasonable effort and, where valid email addresses are available, delivered by email. The date of the initial first-class mailing under this paragraph shall be the "Notice Date." Postcard Notices sent by email shall occur no later than the Notice Date. Additional notices shall be sent promptly as further potential Class members are identified.

(b) No later than the Notice Date, the Notice Administrator shall establish a dedicated website at www.NorfolkSouthernSecuritiesLitigation.com containing the Notice, Postcard Notice, Summary Notice, exclusion deadline, mailing address for exclusion requests, and instructions for requesting a printed copy of the Notices. The website shall also make available publicly filed versions of: (1) the April 25, 2024 Consolidated Complaint for Violations of the Federal Securities Laws (ECF 82); (2) the Court's March 24, 2025 Opinion and Order denying Defendants' motion to dismiss (ECF 115); (3) Defendants' Answer to the Consolidated Complaint filed on April 23, 2025 (ECF 120); (4) the September 29, 2026 Class Certification Order (ECF 238); (5) Defendants' petition for permission to appeal under Rule 23(f) and any order resolving it; and (6) this Order, together with such other documents as the parties may agree or the Court may require. The website shall remain available until at least one year after final resolution of the Action, including exhaustion of appeals. By the Notice Date, the Notice

Administrator shall establish a toll-free telephone helpline at 1-888-808-2635 to answer inquiries and receive requests for printed copies of the Notice or other available documents. The Notice Administrator shall maintain the toll-free telephone helpline during the duration of the administration.

(c) Within seven (7) calendar days after the Notice Date, Class Counsel, through the Notice Administrator, shall cause the Summary Notice, substantially in form approved by this Order, to be published once in each of *The Wall Street Journal* and *Investor's Business Daily* and transmitted once over *Business Wire*. The Summary Notice shall also be posted on the dedicated website.

5. The Notice Administrator shall use reasonable efforts to notify brokerage firms, custodial banks, and other nominee holders that purchased or otherwise acquired Norfolk Southern common stock during the Class Period for the beneficial interest of other persons or entities, including institutions on the Securities and Exchange Commission's active broker-dealer list. Contemporaneously with the initial mailing, the Notice Administrator shall send the Postcard Notice and the approved instruction letter (Notice Package, Exhibits C and D) to identified nominees. Within seven (7) calendar days of receiving the Postcard Notice, each such nominee shall either: (a) request sufficient copies of the Postcard Notice and forward them to the beneficial owners within seven (7) calendar days of receiving those copies; or (b) provide the beneficial owners' names, mailing addresses, and

available email addresses to the Notice Administrator for prompt distribution. Lists shall be supplied in an Excel file, text file, or other compatible format using the Notice Administrator's secure transmission instructions. Nominees electing to forward notices shall confirm the mailing to the Notice Administrator and retain their mailing records. Additional Postcard Notices shall be supplied upon request. Upon full and timely compliance and submission of supporting documentation, nominees shall be reimbursed by Class Counsel for reasonable expenses actually incurred in forwarding notices or providing beneficial-owner information. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Notice Administrator per record; and up to a maximum of $0.03 per Postcard Notice mailed, plus postage at the rate used by the Notice Administrator, or $0.03 per Postcard Notice sent by email.

6. The Notice Administrator shall cause the Postcard Notice and Notice to be posted on the Depository Trust Company's Legal Notice System as part of the notice program.

7. Class members shall be bound by orders and judgments concerning the certified Class claims, whether favorable or unfavorable, unless they timely and properly request exclusion from the Class. Requests for exclusion must be signed letters sent by first-class mail and postmarked (or received, if no postmark) no later

than forty-five (45) calendar days after the Notice Date (the "Exclusion Deadline"). Requests shall be mailed to Norfolk Southern Securities Litigation, c/o Verita Global, LLC, EXCLUSIONS, P.O. Box 301170, Los Angeles, CA 90030-1170, and postmarked (or received) no later than that deadline. Each request must expressly state that the Class member requests exclusion from the Class in *Bucks County Employees Retirement System, et al. v. Norfolk Southern Corporation, et al.*, Case No. 1:23-cv-04175-SDG; state the Class member's full name, address, and telephone number; state the signer's full name and authority if signing for an estate, corporation, partnership, or other Class member; state the number of shares of Norfolk Southern common stock purchased, acquired, and/or sold during the Class Period and the dates and prices of each transaction; and be signed. Exclusion may not be requested by telephone, facsimile, or email. Noncompliant requests are invalid unless otherwise accepted by the Court, subject to any objections of the parties. Persons and entities properly excluded shall not be bound by orders or judgments on the certified class claims and shall not share in any Class recovery.

8. The Notice Administrator shall identify and number all exclusion requests received, create images of them for Class Counsel and counsel for Defendants, and maintain the original requests in its files. The Notice Administrator shall promptly email copies of each request to Class Counsel and counsel for Defendants.

9. Within seven (7) calendar days after the Exclusion Deadline, Class Counsel shall file proof of mailing and emailing of the Postcard Notice; proof of publication and transmission of the Summary Notice; and an affidavit or declaration identifying all persons and entities whose exclusion requests received to date are deemed timely and valid and those whose requests are deemed late or otherwise deficient. The filing shall identify any disputed exclusion requests requiring Court determination. Class Counsel shall supplement the filing if additional exclusion requests are received thereafter.

10. Any Class member may enter an appearance through counsel of the Class member's own choice at the Class member's own expense. Such counsel shall file a Notice of Appearance with the Clerk of the Court and send a copy to Class Counsel at the addresses stated in the Notice no later than forty-five (45) calendar days following the Notice Date. Class members who do not enter an appearance through retained counsel will be represented by Class Counsel.

11. Subject to potential reimbursement, all costs of notice administration, including the cost of obtaining transfer records under Paragraph 3 and reimbursing nominees under Paragraph 5, shall be borne by Class Counsel, with the right to seek reimbursement from any Class recovery in the Action upon Court approval.

12. This Order may be modified by the Court upon motion of any party for good cause shown.

13. Nothing in this Order shall restrict Defendants' rights to request that the Class be decertified, in whole or in part, or that the Class definition be modified, including, but not limited to, in connection with Defendants' pending petition under Rule 23(f) for permission to appeal the Order. Nothing in this Order shall restrict Defendants' rights to challenge Class Representatives' characterization of the claims, the record, or the Court's rulings. Nothing in this Order shall restrict Defendants' rights to seek the exclusion from the Class of certain entities or individuals at a later date.

**IT IS SO ORDERED** this 3rd day of November, 2026.

THE HONORABLE STEVEN D. GRIMBERG
UNITED STATES DISTRICT JUDGE